# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MATTHEW A. STEIN,

    **Plaintiff,**

v.                                                          Civil Action 2:24-cv-990
                                                           Magistrate Judge Chelsey M. Vascura

PETE HEGSETH, *Secretary,*
United States Department of Defense, *et al.*,

    **Defendants.**

## ORDER

This matter came before the Court for a telephonic status conference on December 5, 2025. Plaintiff Matthew Stein appeared *pro se* and Defendant Pete Hegseth, Secretary, United States Department of Defense, was represented by counsel. This Order memorializes the results of that conference.

Plaintiff requested the conference to compel Defendant to further supplement several of his interrogatory answers. During the conference, the undersigned ruled as follows:

- Defendant need not supplement his answer to Interrogatory No. 6, seeking a description of the processes Defendant used to determine whether religious accommodation may be provided in relation to its COVID-19 screening tests. Defendant has already produced its Standard Operation Procedure, which governs religious accommodations; no further response is required.

- To the extent Defendant relies on "the administrative record and/or communications from the decision makers directly to you" to respond to Interrogatory No. 8, seeking a description of "additional health and safety measures" that were offered Plaintiff while his religious accommodation request was pending, Defendant must specifically identify those documents (by Bates label or other unique identifier). Defendant need not otherwise supplement his answer to Interrogatory No. 8, as references to general policies are not objectionable given that those policies were applicable to Plaintiff.

- Defendant need not supplement his answer to Interrogatory No. 9, seeking a description of how Defendant's "staging and staggering" policy was implemented. Defendant's existing answers sufficiently respond to the interrogatory and Defendant has represented it has no further information to provide.

- Defendant must supplement its answer to Interrogatory No. 10, seeking actual occupancy numbers for the building that Plaintiff worked in for each Health Protection Condition ("HPCON") level. The Court does not read the interrogatory to seek the Ohio Fire Marshall's building occupancy limits, but to seek the number of "total assigned personnel at the location/installation" to which the HPCON percentage occupancy limits were applied. Defendant must supplement to provide this number.

- Defendant must supplement his answer to Interrogatory 11, seeking contact information for members of the DLA COVID-19 Coordination Team, but only to the extent those members are not current employees who could bind Defendant (and thus are not represented by Defendant's counsel).

- Defendant need not supplement his answer to Interrogatory No. 12, seeking an explanation of policies governing locality pay for an employee who takes one month of vacation. Defendant has already provided a description of locality pay policies for employees on leave and cited the federal regulation from which this policy stems, which sufficiently answers the interrogatory.
- In several of Defendant's supplemental interrogatory answers, Defendant objected on grounds that the information sought was better suited to a deposition under Federal Rule of Civil Procedure 30(b)(6). Plaintiff's Interrogatory No. 13 seeks the name, contact information, and availability "of each individual that [Defendant] believe[s] can answer more accurately the Interrogatories 6, 8, 10 and 12 through deposition." This interrogatory was served on September 5, 2025, yet Defendant has failed to respond at all. Defendant must answer Interrogatory No. 13, if only to object to providing the information sought. The Court further provided guidance that Defendant would likely not have to identify any individuals unless Plaintiff issued a Rule 30(b)(6) deposition notice listing topics encompassed by the interrogatories in question and would not have to provide contact information for such individuals as they are represented by Defendant's counsel.
- Defendant also raised in his position statement a request to quash a subpoena served on Aaron McGuire, one of Defendant's human resources employees who was initially named as a Defendant in this action but dismissed under Rule 12(b)(1) on February 14, 2025. It became apparent that the parties had not exhausted all extra-judicial means of resolving disputes regarding the subpoena prior to the conference. Accordingly, this issue is not ripe for the Court's resolution. The Court provided

guidance that Mr. McGuire's dismissal as a party is not, standing alone, grounds for quashing the subpoena; however, if the information or documents sought from Mr. McGuire are also in possession of Defendant, Plaintiff is required under Federal Rule of Civil Procedure 45 to seek that discovery from Defendant to avoid imposing an undue burden on a non-party.

- To account for the recent 42-day government shutdown and the outstanding discovery identified during the conference, the case schedule is extended as follows:
    - Fact discovery (limited to any discovery outstanding at the time of the December 5, 2025 conference) must be completed by **January 30, 2026**;
    - Primary expert disclosures must be served by **February 27, 2026**;
    - Rebuttal expert disclosures must be served by **March 27, 2026**;
    - Dispositive motions must be filed by **April 17, 2026**.

In sum, Plaintiff's oral motion to compel further interrogatory responses from Defendant is **GRANTED IN PART and DENIED IN PART** as outlined above; Defendant's oral motion to quash the subpoena served on Aaron McGuire is **DENIED WITHOUT PREJUDICE**; and the Court *sua sponte* extends the case schedule as outlined above.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE