UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MATTHEW A. STEIN,**

      **Plaintiff,**

   v.                                                       Civil Action 2:24-cv-990
                                                                     Magistrate Judge Chelsey M. Vascura

**SECRETARY PETE HEGSETH,**
*United States Department of Defense*,

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Deem Certain Allegations Admitted (ECF No. 24). Plaintiff contends that Defendant failed to deny many of the allegations in his Complaint and thus seeks and order under Federal Rule of Civil Procedure 8(b)(6) deeming those allegations admitted. Defendant did not file a memorandum in opposition and the time to do so has now expired. For the reasons that follow, Plaintiff's Motion is **DENIED**.

Having reviewed Plaintiff's Complaint and Defendant's Answer, the Court finds that Defendant has—in most instances—appropriately admitted or denied the specific factual allegations in the Complaint. Most of the responses that Plaintiff takes issue with are of the form that Defendant "admits only" to certain factual allegations of a particular paragraph, but does not specifically deny the remainder. The Court, however, finds Defendant's "admits only" language to sufficiently signal that Defendant denies the allegations not specifically admitted. A similar inference is created when Defendant "admits" certain allegations but does not expressly deny the remainder. Thus, for the most part, Defendant has not failed to deny Plaintiff's allegations.

The one exception is Table 5.1.1 on p. 15 of Plaintiff's Complaint. This table lays out a timeline of the steps Plaintiff took to advance his claim of religious discrimination. Despite this table containing many factual allegations (*e.g.*, that on "10/03/2022," Plaintiff "[f]iled an EEO Complaint within 45 days of discrimination by Submitting EEO Pre-Complaint Intake Form"), Defendant responded only that the table contains only "conclusion[s] of law and thus no response is required." (Def.'s Ans. ¶ 21, ECF No. 14.) The Court finds that Table 5.1.1 contains factual allegations to which Defendant was required to respond. However, the undersigned can discern no prejudice to Plaintiff as a result of Defendant's failure to respond to these allegations thus far, and the Court prefers to decide cases on their merits rather than on procedural technicalities. *See Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

Accordingly, rather than deeming these factual allegations admitted, the Court **ORDERS** Defendant to file a supplemental Answer, **WITHIN FOURTEEN DAYS** of the date of this Order, that admits or denies the factual allegations contained in Table 5.1.1.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE